UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harvey Lee Preston,

          Petitioner,                    Case Number: 23-cv-12974
                                                        Honorable Sean F. Cox

v.

John Davids,

          Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Harvey Preston has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Preston challenges his convictions following a jury trial in Oakland County Circuit Court for carjacking, first-degree home invasion, unarmed robbery, and second-degree criminal sexual conduct. These convictions were affirmed on appeal. *See People v. Preston*, No. 298796, 2012 WL 5853223 (Mich. Ct. App. Oct. 30, 2012), leave denied, 829 N.W.2d 225 (Mich. 2013).

Preston previously filed a federal habeas petition challenging the same convictions at issue in this case. The petition was denied on the merits and dismissed with prejudice. *Preston v. Gidley*, No. 2:14-cv-10606, 2017 WL 4572336, at *1 (E.D. Mich. Oct. 12, 2017). The Sixth Circuit Court of Appeals denied Preston's application for a certificate of appealability. *Preston v. Smith*, No. 17-2389, 2018 WL 2222599 (6th Cir. Apr. 25, 2018).

Before filing a habeas petition challenging a conviction previously challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Preston filed the present petition under 28 U.S.C. § 2241, rather than § 2254. However, labeling the petition as filed under § 2241 does not render inapplicable the restrictions on successive petitions. Section "2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001) (internal quotation omitted). *See also Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006) (finding that where a petitioner challenges the fact that he is in custody pursuant to the judgment of a state court, his § 2241 petition is subject to the procedural requirements of § 2254); *Long v. Commonwealth of Kentucky*, 80 Fed. App'x 410, 414 (6th Cir. 2003) (holding that the restrictions on successive petitions in 28 U.S.C. § 2244(b) apply to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general habeas statute); *Byrd v. Bagley*, 37 Fed. App'x 94, 95 (6th Cir.2002) (same). If a petitioner could circumvent the restrictions on successive petitions simply by labeling a petition a § 2241 petition, "then § 2254 would serve no function at all. It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing '§ 2241' on his petition for federal post-conviction relief." *Medberry v. Crosby*, 351 F.3d 1049, 1060-61 (11th Cir. 2003).

2

Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals.  *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)).  When a petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals.  *See* 28 U.S.C. § 1631; *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).  Preston has not obtained appellate authorization to file a successive habeas petition as required under 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

IT IS ORDERED that the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether Petitioner may file a successive petition.

**SO ORDERED**.

Dated: January 5, 2024                                  s/Sean F. Cox                              
                                                        Sean F. Cox
                                                        U. S. District Judge